UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    UNITED STATES OF AMERICA    :
                                                 :      14 Cr. 055 (LGS)
            -against-                :
                                               :      <u>ORDER</u>
    DONALD CARR,                      :
                          Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

      WHEREAS, on April 3, 2020, Defendant submitted by email to Chambers a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 6, 2020, the Government submitted by email to Chambers a response in opposition and, on April 7, 2020, Defendant submitted by email to Chambers a reply in support of his motion;

      WHEREAS, on July 14, 2014, Defendant pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 846, 21 U.S.C. § 84l(b)(l)(C). On November 21, 2014, Defendant was sentenced to 132 months' incarceration followed by 3 years of supervised release;

      WHEREAS, the Government represents that Defendant's projected release date is September 9, 2023. Defendant is currently incarcerated at FCI Fort Dix in New Jersey;

      WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus. As of April 6, 2020, there were 41,090 confirmed cases in the state of New Jersey. *See Coronavirus in the U.S.: Latest Map and Case Count*, at https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 6,

2020). Over 1,000 persons have died in New Jersey of the virus and over 10,000 have died nationwide. *Id.*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, Defendant's motion does not indicate that he has exhausted his administrative remedies or otherwise satisfied this provision. On March 30, 2020, Defendant's counsel filed a request that the Bureau of Prisons ("BOP") file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) on Defendant's behalf, but has not yet received a response;

WHEREAS, the Court has no authority to waive the administrative exhaustion requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020);

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i)

extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors, including, but not limited to, diabetes mellitus, hypertension, COPD, coronary artery disease, cerebrovascular disease, chronic renal disease, and smoking, might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12–March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2external icon. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary or compelling circumstances. Defendant is fifty-eight years old, has been diagnosed with hypertension and, according to his motion, "in recent weeks . . . has broken out in hives and has experienced

swelling in his lips, indicating that his immune system is compromised." Per the medical records submitted by the Government in support of its opposition, Defendant was mostly recently seen by medical staff at FCI Fort Dix in January 2020 and, at that time, his blood pressure had improved and he denied experiencing any headaches, shortness of breath, chest pain, palpitations, DOE (shortness of breath on exertion), orthopnea (shortness of breath when lying flat), or PND (shortness of breath when sleeping). Defendant also stated he was doing well at a medical visit on March 19, 2020. *See United States v. Gileno*, No. 3:19 Cr. 161-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) (finding a defendant suffering from anxiety, high blood pressure, high cholesterol, asthma and allergies had "not shown that his medical issues are sufficiently serious to modify his sentence to home confinement" under 18 U.S.C. § 3582(c)(1)(A));

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a);

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence.  The 3553(a) factors considered at the time of sentencing have not changed.  Defendant was part of a conspiracy to distribute millions of oxycodone tablets and the Court found that, in terms of relative culpability, Defendant was one of the most culpable in the group of defendants charged in this case.  According to the indictment, Defendant was a Crew Chief who employed dozens of crew members and was responsible for the distribution of 5,340 30-milligram pills of oxycodone.  The instant offense was Defendant's sixth conviction following a long criminal record, and Defendant has been incarcerated at least twice in the past for selling drugs.  At sentencing, the Court observed that there is no reason to think that these prior periods of incarceration caused any change in behavior, and there was every reason to believe Defendant would continue to engage in criminal activity without some deterrence.  Defendant at this time has served only 73 months of his 132 month sentence.  Releasing Defendant now would not appropriately reflect the "nature and circumstances of the offense," or the "need for the sentence imposed" "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct" or "to protect the public from further crimes."  *See United States v. Goode*, No. 14 Cr. 810-07, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020) ("Even assuming Goode satisfies one of the categories for compassionate release, a further reduction in her already significantly reduced

sentence would tend to undermine the sentencing goals set forth in Section 3553(a).").  It is hereby

      **ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.[1]

Dated: April 7, 2020
      New York, New York

                                                     **LORNA G. SCHOFIELD**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Defendant further requests that, if his motion is denied, this Court "direct[] the BOP to Order Mr. Carr to serve the remainder of his sentence under home confinement."  Defendant cites to no authority pursuant to which such direction may be made.  The request is accordingly denied.