```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   UNITED STATES OF AMERICA                                  :
                                                             :    14 Cr. 055 (LGS)
                  -against-                                  :
                                                             :    ORDER
   DONALD CARR,                                              :
                              Defendant.                     :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 3, 2020, Defendant submitted by email to Chambers a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A);

WHEREAS, on April 7, 2020, Defendant's motion was denied based on the following findings: (1) Defendant had failed to exhaust his administrative remedies; (2) Defendant did not demonstrate the requisite extraordinary or compelling circumstances; and (3) the factors set forth in section 3553(a) did not support a reduction in sentence (Dkt. No. 778);

WHEREAS, on June 5, 2020, Defendant filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 782); it is hereby

**ORDERED** that the renewed motion is **DENIED**. Defendant argues that he demonstrates extraordinary and compelling circumstances warranting compassionate release because (1) his sentence of 132 months' incarceration followed by 3 years of supervised release is purportedly longer than the national and district average for similar crimes; and (2) the circumstances of the pandemic in light of the conditions of the facility and the related purported restricted access to healthy food and exercise necessary to manage Defendant's hypertension. But Defendant's sentence of 132 months' incarceration was below the guideline imprisonment range of 151 to 188 months' imprisonment. Defendant concedes the sentence "was reasonable"

at the time of sentencing, but argues that the circumstances of the pandemic make the sentence unreasonable.

This argument is unpersuasive; the pandemic alone does not create the compelling and extraordinary circumstances necessary to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Nwankwo*, No. 12 Cr. 31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020), *reconsideration denied*, No. 12 Cr. 31, 2020 WL 2576145 (S.D.N.Y. May 21, 2020) ("[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.") (collecting cases). Defendant's argument regarding the conditions of Fort Dix and his health is rejected for the reasons identified in the order denying the initial motion for compassionate release, and because concern that a purported restriction of access to exercise and healthy food may aggravate Defendant's hypertension is also not sufficient to find compelling and extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Nwankwo*, No. 12 Cr. 31, 2020 WL 2576145, at *1 (S.D.N.Y. May 21, 2020) (denying reconsideration of prior order, observing that "[t]he Court recognizes that conditions at FCI Fort Dix may not facilitate optimal social distancing, and that there have been approximately thirty cases of the virus in the facility. However, courts have denied compassionate release motions from defendants facing greater health risks from COVID-19 in facilities with greater numbers of confirmed cases."); *see also United States v. Garcia*, No. 18 Cr. 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to

defendant with asthma, hypertension, and heart conditions housed in facility with 40 documented cases of virus).

    Defendant also argues that the Court should reverse its finding in the initial order that releasing Defendant after he has served 73 months of his 132 month sentence would not "appropriately reflect the nature and circumstances of the offense, or the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct or to protect the public from further crimes" because the length of his sentence is purportedly longer than the median sentence for similar crimes.  The Court disagrees and declines to reverse its prior Order at this time.

Dated: June 10, 2020
       New York, New York

                                          LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE