UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  UNITED STATES OF AMERICA                                  :
                                                            :         14 Cr. 55-05 (LGS)
              -against-                                     :
                                                            :         ORDER
  DONALD CARR,                                              :
                                      Defendant.            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 3, 2020, Defendant submitted by email to Chambers a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 7, 2020, the motion was denied. *See* Dkt. No 778.

WHEREAS, on June 5, 2020, Defendant filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On June 10, 2020, the motion was denied. *See* Dkt. No 783.

WHEREAS, on June 24, 2020, Defendant filed a third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). It is hereby

**ORDERED** that the third motion for compassionate release is **DENIED**.

The Court commends Defendant for his accomplishments and engagement during his sentence. These activities and the fact of the pandemic itself do not outweigh the key factors considered at sentencing and in denying the first motion for compassionate release: Defendant's culpability and his role in the conspiracy, Defendant's criminal history and the significant portion of Defendant's sentence yet to be served. On this basis alone, Defendant's motion is denied. *See United States v. Alex Christie*, No. 15 Cr. 288, 2020 WL 3969962, at *2–3 (S.D.N.Y. July 14, 2020) (noting that, "[e]ven if Christie had established 'extraordinary and

compelling' circumstances (which he has not), the Court likely would still deny his motion" because, *inter alia*, "[t]he sentence reduction sought by Christie would fail to satisfy the purposes of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." (alterations and quotation marks omitted)); *United States v. Zubiate*, No. 18 Cr. 442, 2020 WL 3127881, at *3 (S.D.N.Y. June 12, 2020) ("But the combination of the COVID-19 pandemic and Defendant's medical conditions does not overcome the fact that the dramatic reduction in sentence Defendant seeks here is inconsistent with the weight and force of the other § 3553(a) factors considered by the Court."). For the same reason, the Court declines to transfer Defendant to home confinement and amend the terms of the sentence. As the Court rules solely based on the Section 3553(a) factors, this Order does not reach Defendant's other arguments.

Dated: July 16, 2020
      New York, New York

                                          **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**