## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

| | | |
|---|---|---|
| CYNTHIA ROLLINGS | TEL: (212) 490-0400 | COUNSEL |
| JONATHAN MOORE | FAX: (212) 277-5880 | BRUCE E. TRAUNER |
| JONATHAN K. POLLACK | WEBSITE: blhny.com | PETER S. MATORIN |
| HENRY A. DLUGACZ | | KAREN L. DIPPOLD |
| STEPHEN J. BLUMERT | | JEFFREY A. GREENBERG |
| MARC A. CANNAN | | MARJORY D. FIELDS |
| DAVID B. RANKIN | | EMILY JANE GOODMAN |
| LUNA DROUBI | |    (JUSTICE, NYS SUPREME COURT, RET.) |
| MYRON BELDOCK (1929-2016) | | FRANK HANDELMAN |
| LAWRENCE S. LEVINE (1934-2004) | | |
| ELLIOT L. HOFFMAN (1929-2016) | | REF: |

WRITER'S DIRECT DIAL:
917-572-9706

**VIA ECF**

March 18, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Donald Carr*, 14 Cr. 055 (LGS)

Dear Judge Schofield:

I am writing to respectfully request that you issue an Order reappointing me to represent Donald Carr in this matter, for the limited purpose of seeking compassionate release. As you know, I left the Southern District CJA panel at the end of 2017, after many years of service. While I am no longer on the panel, I was told by the clerk's office that Judges have the authority to reappoint former panel attorneys to represent former clients when reappointment has been specifically requested. Mr. Carr emailed me on March 10, 2021, requesting that I be reappointed as his attorney for this limited purpose.

I was first appointed to represent Mr. Carr upon his arrest in February 2014 and worked with him through sentencing before you. Your Honor reappointed me to represent Mr. Carr in April 2020, when he sought compassionate release/sentence reduction in response to the COVID-19 pandemic. Mr. Carr's initial application was denied, as was his appeal, in which he was represented by the Thurgood Marshall Civil Rights Center of the Howard University School of Law.

While Mr. Carr's previous compassionate release applications were unsuccessful, we believe that, due to considerable changes in circumstances, reconsideration is appropriate for several reasons. First, Mr. Carr is currently incarcerated at FCI Fort Dix, which, as of January 1, 2021, is home to the worst COVID-19 outbreak among the country's federal prisons. *See* Karen Yi, *Fort Dix Reports Worst Federal Prison Coronavirus Outbreak with 442 Cases*, Gothamist (Dec. 31, 2020 at 12:38 PM) https://gothamist.com/news/fort-dix-reports-worst-federal-prison-

BELDOCK LEVINE & HOFFMAN LLP

Honorable Lorna G. Schofield
March 18, 2021
Page 2

coronavirus-outbreak-442-cases. In fact, Mr. Carr has reported that the entire west wing of the prison remains shut down because of a COVID outbreak. Indeed, another Fort Dix inmate, aged 58, died of COVID-19 in January 2021. Second, Mr. Carr contracted COVID-19 in December 2020 and continues to be affected by the experience. Third, to date, Mr. Carr has now completed over 85 months of his sentence. This represents over 75% of his 132-month sentence, when the current BOP "good time" policy of sentence reduction is applied. During this time, Mr. Carr has faced harsh conditions of confinement, particularly during the pandemic, and maintained an exemplary disciplinary record. Finally, Mr. Carr is nearly sixty years old and continues to suffer from several medical conditions which make his continued confinement untenable.

Accordingly, I would respectfully request that Your Honor reappoint me as Mr. Carr's counsel. If this application is granted, I will work expeditiously to file the anticipated motion.

Thank you for your kind consideration and continued attention to this matter.

Sincerely,

/s/ Frank Handelman

Frank Handelman

The application is **GRANTED**.  Mr. Handelman is reappointed as counsel to Mr. Carr, for the purpose of assisting with Mr. Carr's anticipated motion for compassionate release and related matters.  *See United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (explaining that while "there is no statutory right to counsel under the [CJA] in connection with a § 3582(c) motion, [] the provision of such counsel should rest in the discretion of the district court"); *accord United States v. Dussard*, No. 16 Crim. 673-2, 2020 WL 6263575, at *3 (S.D.N.Y. Oct. 23, 20220).

Dated: March 19, 2021
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE