UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
  UNITED STATES OF AMERICA         :
                                                 :      14 Cr. 0055 (LGS)
                 -against-              :
                                               :      <u>ORDER</u>
  DONALD CARR,                         :
                               Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

**Background**

       WHEREAS, Defendant pleaded guilty to, and was convicted of, one count of conspiracy to distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 846, 841(b)(1)(C).

       WHEREAS, on November 21, 2014, Defendant received a below-guidelines sentence of 132 months' incarceration followed by three years of supervised release. Dkt. No. 316.

       WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

       WHEREAS, Defendant is confined at the Federal Correctional Institution, Fort Dix, New Jersey ("Fort Dix"), where, as of May 20, 2021, no inmates or staff members had active cases of COVID-19 and, 1,481 inmates were fully inoculated against COVID-19. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last visited May 20, 2021).

       WHEREAS, Defendant has completed approximately eighty-six months of his 132-month sentence.

       WHEREAS, during his confinement, Defendant has incurred two disciplinary infractions for possession of a hazardous tool. Dkt. No. 821-1.

       WHEREAS, during his confinement, Defendant has participated in rehabilitation programs,

obtained his GED and taken classes to learn life skills.  Dkt. No. 819.

WHEREAS, Defendant is fifty-nine years old and suffers from obesity, hypertension and edema.  Dkt. No. 819.

WHEREAS, in December 2020, Defendant contracted COVID-19.  Dkt. No. 819.  He has since recovered from, and is now fully inoculated against, COVID-19.

WHEREAS, Defendant has filed three prior motions for compassionate release, which were denied.  The first motion, filed on April 3, 2020, was denied on the grounds that (1) Defendant did not exhaust his administrative remedies, (2) Defendant's hypertension and edema did not constitute extraordinary or compelling circumstances warranting release and (3) the sentencing factors under 18 U.S.C. § 3553(a) did not support a reduction in sentence.  Dkt. No. 778.  Defendant's second and third motions for compassionate release -- filed on June 5, 2020, and June 24, 2020, respectively -- were denied based on a failure to show extraordinary and compelling circumstances warranting release.  Dkt. Nos. 783 and 794.

WHEREAS, on April 8, 2021, Defendant filed a motion for compassionate release on the ground that risk of COVID-19 re-infection, in combination with his underlying health conditions of obesity, hypertension and edema, constitute extraordinary and compelling circumstances warranting release.  Dkt. No. 819.  On May 7, 2021, the government filed an opposition to the motion (Dkt. No. 821) and on May 20, 2021, Defendant filed a reply (Dkt. No. 824).

**Exhaustion of Administrative Remedies**

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

WHEREAS, on March 30, 2020, Defendant submitted a request for compassionate release and/or a reduction in sentence to the warden of Fort Dix, who, on May 1, 2020, denied the request. Dkt. No. 819.

WHEREAS, the government does not dispute that Defendant has exhausted his administrative remedies. Dkt. No. 821.

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control ("CDC") has stated that as compared to adults between the ages of eighteen and twenty-nine, adults between the ages of fifty and sixty-four years old are four times more likely to be hospitalized and twenty-seven times more likely to die if they contract COVID-19. *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 18, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html.

WHEREAS, the CDC has also stated that pulmonary hypertension and obesity can "increase [an individual's] risk of severe illness from COVID-19." *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Apr. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions.

WHEREAS, the CDC has also stated that, "based on what we known from similar viruses, some reinfections [with COVID-19] are expected." *COVID-19: Reinfection*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. "The CDC is actively working to learn more about reinfection to inform public health action." *Id*.

WHEREAS, Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, courts in this district have declined to grant compassionate release to inmates who have tested positive for COVID-19, where the inmates were receiving medical care. *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *3 (S.D.N.Y. Dec. 30, 2020) (declining to grant

4

compassionate release where inmate had chronic kidney disease, hypertension and a mild case of COVID-19, and noting that "the risk of contracting COVID-19 after having recovered from an initial bout of the illness is very low"); *United States v. Hardy*, 11 Cr. 629-5, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (denying compassionate release where inmate tested positive for COVID-19 but was receiving medical checks, did not have a fever and had normal vital signs); *United States v. Brady*, No. 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (denying compassionate release where conditions stable and managed in B.O.P. facility).

WHEREAS, Defendant's health conditions and the risk of COVID-19 reinfection do not constitute extraordinary and compelling circumstances that warrant reducing his 132-month incarceratory sentence. Although Defendant is fifty-nine years old and recently contracted COVID-19, his symptoms were mild, and he thankfully recovered. *See United States v. Blanco*, No. 16 Cr. 408, 2021 WL 706981, at *2 (Feb. 22, 2021) (finding that once inmate "ha[d] been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer ma[de] sense," and noting that "reinfections are 'vanishingly rare'"). Defendant's B.O.P. medical records show that his medical conditions are being treated, but that Defendant, against medical advice, has declined to take medication for his blood pressure. *See United States v. Shkreli*, No. 15 Cr. 637, 2021 WL 148405, at *3 (S.D.N.Y. Jan. 16, 2021) (finding that a particular health condition was not an "extraordinary and compelling" reason warranting a modification of sentence where the BOP was providing treatment). Further, Defendant has received the COVID-19 vaccine and, as of May 20, 2021, there were no active cases of COVID-19 at Fort Dix. *See United States v. Kosic*, No. 18 Cr. 30, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (denying compassionate release where Defendant had received the first dose of the Moderna vaccine and explaining that "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the

5

point that his health conditions weighing in favor of release are no longer extraordinary and compelling"); *United States v. Poupart*, No. 11 Cr. 116, 2021 WL 917067, at *2 (D. Conn. Mar. 10, 2021) (denying compassionate release and stating that "[defendant's] argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered [him] to reduce these risks").

WHEREAS, even if Defendant had provided an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification.

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in assessing whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in Defendant's sentence. The serious nature of the offense, Defendant's history and the need for

deterrence remain unchanged. Defendant was "one of the most serious offenders," in a conspiracy to distribute narcotics. Dkt. No. 344. He was a leader of a drug crew involved in the conspiracy, recruiting others to pose as patients to receive medically unnecessary oxycodone prescriptions. In addition, Defendant has a long criminal record including two prior felony convictions for attempted robbery, two prior felony narcotics convictions and a prior felony conviction for attempted criminal possession of a weapon. During the sentencing hearing, the Court noted that "prison time is important in [Defendant's] case for specific deterrence, that is, to try to deter [Defendant] from committing further crimes." Dkt. No. 344. Defendant has served only eighty-six months of his 132-month sentence. Releasing Defendant now would not appropriately reflect the "nature and circumstances of the offense," or the "need for the sentence imposed" "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct" or "to protect the public from further crimes." *See United States v. Goode*, No. 14 Cr. 810-07, 2020 WL 58272, *7 (S.D.N.Y. Jan. 6, 2020) ("Even assuming Goode satisfies one of the categories for compassionate release, a further reduction in her already significantly reduced sentence would tend to undermine the sentencing goals set forth in Section 3553(a)."). Further, the need to avoid unwarranted sentence disparities -- particularly with respect to sentences imposed on other crew chiefs involved in the same conspiracy for which Defendant was convicted -- weighs in favor of denying Defendant's motion. See *United States v. Kendrick Chandler*, 14 Cr. 55, Order, Dkt. No. 811 (S.D.N.Y. Feb. 26, 2021) (denying motion for compassionate release for a co-defendant who also served as a crew chief and who recovered from COVID-19); *United States v. Bradley Mitchell*, 14 Cr. 55, Order, Dkt. No. 813 (S.D.N.Y. Mar. 15, 2021) (denying motion for compassionate release for a sixty-year-old co-defendant suffering from hypertension, who also served as a crew chief). While Defendant's efforts to engage in education and skills courses are commendable, they are not enough to justify release or

reduction in sentence, under these circumstances. It is hereby

**ORDERED** that Defendant's motion for compassionate release or, in the alternative, reduction of his sentence is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 819.

Dated: May 20, 2021
      New York, New York

                                       **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**